*286 OPINION of the Court, by
Judge Owsiey.
Thomas Arthur, on the 15th day of December 1810, gave to Cravens an obligation binding himself to pay $700 on on the 1st of March 1812; anti on the same day Cr&vens and Campbell assigned the- obligation to Hopson, by the following endorsement: “ We do hereby transfer this note to William Hopson, for value received this 15th day of December 1810.. — Note, if Arthur should not be good, we stand good for him and responsible for the same. N. Craven (seal), Ben. P. Campbell (seal).”
Arthur having failed to pay the obligation agreeabla to its stipulations, Hopson brought this action of cove* nant against Cravens and Campbell upon their assignment.
Several questions were agitated by the counsel in the course of the discussion at the bar, but as the main matter of dispute grows out of the legal operation of the endorsement, ouy inquiries will be confined exclusively ⅛* that subject.
*287 Whether by the endorsement the ‘appellants are ap-countable to Hopson upon the happening of any other event than would make them liable in the case of an ordinary assignment, is therefore the only question we shall notice.
If they have not, as the declaration seems to have been drawn upon a different supposition, and has altogether failed to allege the prosecution of a suit by Hopson on the bond of Arthur, or in anywise shown the exercise of due diligence in prosecuting that demand, it must, according to a current of decisions of this court, be held fatally defective.
In aspcrtaining the operation of the endorsement, and consequently the extent of tiie appellants’ liability, it is certainly proper we should attend to the common ioten, tion of the contracting parties at the time it was made : for as the assent of the mind is of the essence of a contract, what the parties intended by yielding the assent should most assuredly form an essential consideration in construing the agreement. That intention we however suppose should be collected, not from an over strict adherence to general rules, but by understanding the words in that sense most suitable to the nature and subject matter of the contract.
If then the understanding of the parties is to have any influence, we apprehend there can be but little doubt what construction should be given to the endorsement. It is only distinguishable from an ordinary assignment, because it is under the seals of the assignors, and because of the note subjoined at the close of the endorsement. The circumstance of the assignment being under seal, in consequence of the solemnity of its execution the law considers it in a more dignified point, of view, and instead of an action of assumpsit, which would otherwise have been proper, to obtain compensation an action of covenant is made the legitimate action; and in declaring, though a special consideration would be necessary in the former, yet as in consequence of the seals a sufficient consideration is implied, no consideration need be laid in the latter action. But with respect to the immediate cause of action, it is impossible the seals can have any effect whatever. The happening of the same contingencies must of necessity give a right of action, whether the assignment be sealed wjunk, If the prosecution of a suit *288 with due diligence against the obligor, be necessary Si1 the one case, so likewise it must be in the other.
The circumstance of the subjoined note, “ that if Arthur should not be good, the assignors would stand good for him, and accountable,” we suppose was not intended by the parties (nor should it have the effect) to make Cravens liable under any other circumstances or to any other extent than he would have been under a general assignment; but as Campbell was no party to the obligation of Arthur, it was probably introduced to obviate any doubts as to his liability, and to make him equally accountable with Cravens.
The suggestion that the assignors were to stand good and be accountable, if Arthur should not be good, front the very nature of the subject about which the parties were contracting, cannot be understood as dispensing with the necessity of the exercise of proper diligence iii pursuing the demand against Arthur. The subject of contract was the demand on Arthur, a mere chose in ac-> tion ; by the contract and assignment the right thereof was transferred to Hopson, and in his name, and hiá only, could an action be maintained. When, therefore* the parties speak of being accountable for that demand if the obligor should not be good, the fair inference is, the parties understood the assignors were to be accountable, if on the exercise of proper diligence by suit on the part of Hopson, Arthur the obligor should he ascertained not to be good.
The judgment must therefore be reversed with costs, the cause remanded to the court below and the plaintiff there have leave to amend his declaration, and such other proceedings there had as may be consistent with this opinion.